**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5230**

———————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

    v.

DENNIS STEPHEN JOHNSTON,

            Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (7:09-cr-00072-D-1)

———————

Submitted:  March 28, 2011            Decided:  April 20, 2011

———————

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Joe Exum, Jr., Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Stephen Johnston pled guilty without a plea agreement to two counts of producing child sex images, in violation of 18 U.S.C. § 2251(a), (d) (2006). The district court calculated Johnston's advisory Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") (2008) to be life imprisonment, and imposed a sentence of 360 months on each count, to run consecutively. Johnston timely appeals his sentence, challenging its substantive reasonableness. We affirm.

We review the district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining whether a sentence is substantively reasonable, we "take into account the totality of the circumstances." Id. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court presumes that a sentence within a properly determined advisory Guidelines range is substantively reasonable. See United States v. Abu Ali, 529 F.3d 210, 261 (4th Cir. 2008). That presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [2006] factors."

2

United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Johnston claims his sentence is substantively unreasonable because the district court, in fashioning his sentence: (1) impermissibly relied on solely one § 3553(a) factor, i.e., the nature and circumstances of the offense conduct; (2) erred in imposing consecutive sentences, resulting in a sentence greater than necessary to achieve the goals of sentencing; and (3) improperly rejected his statement of remorse. Johnston's sentence is entitled to a presumption of reasonableness on appeal because he was sentenced within a properly-calculated advisory Guidelines range.

In attempting to rebut the presumption, Johnston first argues that the district court failed to consider his remorse. The record clearly reflects that the court considered Johnston's expressed remorse but found it incredible. Johnston further argues that the court singled out one factor — the extremity of his conduct — in fashioning the sentence. Our review of the record reveals the court explicitly considered the need to promote respect for the law, deterrence to others who may engage in similar conduct, and the need to protect society from Johnston. Undeniably, the egregiousness of Johnston's offense conduct weighed heavily in the court's determination. This, however, does not constitute error. In fact, this court has

3

acknowledged that, "in many cases, the sentencing decision will ultimately turn on a single § 3553(a) factor." United States v. Engle, 592 F.3d 495, 504 (4th Cir.), cert. denied, 131 S. Ct. 165 (2010).

Johnston also argues the court's imposition of consecutive sentences for a total of 720 months' imprisonment was greater than necessary to achieve a sentence under § 3553(a). However, as noted in the presentence report and by the district court, under the Guidelines, "if the sentence on the count carrying the highest statutory maximum is less than the total punishment, then the sentence on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." USSG § 5G1.2(d); see also United States v. Allen, 491 F.3d 178, 195 (4th Cir. 2007) ("[T]he Guidelines allowed the district court to 'stack' multiple counts consecutively to achieve a sentence within the Guidelines range."). Because Johnston's advisory Guidelines range was life imprisonment and his 720-month sentence achieves a life sentence, the district court did not err in imposing consecutive sentences in this case.

We conclude that Johnston has not rebutted the presumption of reasonableness that we apply to a sentence within the properly calculated Guidelines range. Accordingly, we

affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED